**CLEAR CREEK BASIN AUTHORITY,**
**Appellant,**

v.

**The CITY OF HOUSTON, Appellee.**

**No. 17233.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 5, 1978.

Rehearing Denied Nov. 2, 1978.

Kronzer, Abraham & Watkins, Michol O'Connor, Houston, for appellant.

Fulbright & Jaworski, David J. Beck, Robert M. Collie, City Atty., John L. Hill, Atty. Gen., Troy Webb, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from a summary judgment sustaining the City of Houston's contention that the Clear Creek Basin Authority has no legal right to obtain injunctive relief or recover statutory penalties based on alleged violations of the Texas Water Code, Chapter 26, pp. 174, et seq.

This is a suit wherein the plaintiff, Clear Creek Basin Authority, seeks to recover penalties and injunctive relief because of alleged violations by the City of Houston of the Texas Water Code and certain waste control orders issued by the Texas Water Quality Board to the City. The City of Houston filed a motion for summary judgment asserting certain propositions of law, including (1) _ _ _ (2) that as a matter of law the plaintiff cannot obtain injunctive relief or recover statutory penalties based upon alleged violations of the Texas Water Code when the violations occurred outside the jurisdiction or geographical boundaries of the Clear Creek Basin Authority; (3) _ _ _ .

The Clear Creek Basin Authority filed an answer to the motion asserting (1) "the only issue before this court is a question of law: can a downstream victim of pollution sue an upstream polluter; (2) the city has admitted that its sewer plants exceed the parameters of its permits on a regular basis; (3) the city's effluent is flushed into Clear Lake on a daily basis and cause pollution there."

In the judgment the trial court recites as follows:

". . . counsel for Clear Creek Basin Authority having represented in open court to the court that the Clear Creek Basin Authority desired to withdraw from its First Amended Original Petition all claims and causes of action asserted against The City of Houston predicated on the theory of common law nuisance and desired to proceed only against The City of Houston on the basis of its claims and causes of action asserted against The City of Houston under Ch. 26 of the Texas Water Code, and defendant, The City of Houston, having represented to the Court that should this matter be reversed and remanded for a new trial, it would have no objection to the Clear Creek Basin Authority amending its pleadings to reassert the claims and causes of action asserted against The City of Houston based on the common law nuisance theory, and The City of Houston having further represented to the Court that it desired to withdraw from consideration by the court paragraphs I and III of its motion for summary judgment and to proceed to hearing only on paragraph II of its motion for summary judgment, which complains that the Clear Creek Basin Authority is not entitled to sue for or obtain injunctive relief or penalties against the City of Houston under Chapter 26 of the Texas Water Code for violations which occur outside of the jurisdictional or geographical boundaries of the Clear Creek Basin Authority, and the Clear Creek Basin Authority having proceeded to file its response and affidavits in opposition to the motion for summary judgment of the City of Houston, and the City having agreed to waive any objections to the late filing of said response and affidavits, and the court, after considering the motion for summary judgment, the summary judgment evidence, the pleadings on file herein, and the representations, stipulations, and arguments of counsel, and it being the opinion of the court that the motion for summary judgment of the City of Houston should be in all things granted. . . ."

The Clear Creek Basin Authority asserts that the trial court erred in granting the motion for summary judgment because the City of Houston has admitted that six of its plants are located within the geographical boundaries of the Basin Authority and that these plants have violated the terms of their Water Quality permits.

The City of Houston asserts that prior to the hearing on the City's motion for sum-

mary judgment, the parties agreed to present squarely for determination the issue of whether the Clear Creek Basin Authority had the statutory authority to sue for violations that occurred outside its jurisdictional boundaries. It asserts that the sole issue before the trial court at the hearing on the City's motion for summary judgment was whether the Clear Creek Basin Authority was entitled to recover civil penalties and injunctive relief for alleged discharges by the City of Houston outside the geographical boundaries of the Clear Creek Basin Authority.

Rule 166–A, Vernon's Texas Rules Annotated, provides: ". . . the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues as expressly set out in the motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal . . ."

■ Any agreements limiting the issue at the hearing on the motion for summary judgment made by parties were not reduced to writing and filed in the record of the case except as such agreement may be reflected in the judgment and the pleadings of the parties. We are particularly concerned with that portion of Rule 166–A, supra, providing that issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. We conclude that we can consider as grounds for reversal only those issues presented in the motion for summary judgment or in the answer to the motion for summary judgment.

■ The recitation in the judgment that the Clear Creek Basin Authority desired to proceed only against the City of Houston on the basis of its claims and causes of action asserted against the City of Houston under Chapter 26 does not clearly evidence an agreement to waive its cause of action based on the admitted fact that some sewage plants operated by The City of Houston are located within the boundaries of the Clear Creek Basin Authority and have violated the permits issued it by the Texas Water Quality Board. We assume that these facts were not presented to the trial court at the hearing, but since there was no written agreement to waive the cause of action based upon the admitted violations at plants within the jurisdiction of the Clear Creek Basin Authority, the City of Houston failed to carry the burden of showing that the Clear Creek Basin Authority as a matter of law could not recover either injunctive relief or penalties as authorized by the Texas Water Quality Act, Texas Water Code Annotated, Chapter 26. See Rule 11, T.R.C.P.

■ The burden was on the City to show not only that there was no material issue of fact presented by the pleadings and evidence, but also that Clear Creek Basin Authority was entitled to no relief solely by reason of the matters set up in the motion for summary judgment. The ground for relief on which the City's motion for Summary Judgment was based did not reach the question of whether the Basin Authority was entitled to relief because of violations of the Water Code occurring within the boundaries of the District. Rule 166–A, supra, does not authorize a judgment for the movant in a summary judgment proceeding based on the failure of the respondent to specify the reasons why the motion should not be granted. The movant must establish that it is entitled to judgment as a matter of law by reason of the matters set out in the motion.

Paragraph 2 of the City's motion for summary judgment asserts that the Clear Creek Basin Authority cannot obtain injunctive relief or recover statutory penalties based on alleged violation of the Texas Water Code, "which violations occur outside the jurisdiction or geographical boundaries of

the Clear Creek Basin Authority. No genuine issue of material fact exists in this regard and defendant is entitled to judgment as a matter of law." We construe this language as asserting that no genuine issue of material fact exists as to whether or not the violations alleged in plaintiff's petition occurred outside the jurisdiction of the Clear Creek Basin Authority. It also asserts the proposition of law that if the alleged violations occurred outside the geographical boundaries of the Clear Creek Basin Authority as a matter of law the authority cannot maintain the action. This interpretation of the pleading is consistent with the recitation of the agreement of the parties made by the trial court in his judgment granting the motion for new trial.

■ A fact issue was presented to the trial court by the written motion, i. e. the motion for summary judgment, and the summary judgment evidence conclusively established that sewage plants were operated by the City of Houston within the boundaries of the Clear Creek Basin Authority and that these sewage plants violated the terms of the permit granted to the City.

Reversed and remanded.